UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10786-GAO

IRIS J. PAYNE,
Plaintiff,

v.

U.S. BANK NATIONAL ASSOCATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION CORP. 2005-OPT1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-OPT1, and AMERICAN HOME MORTGAGE SERVICING, INC.,

Defendants.

ORDER
March 28, 2013

O'TOOLE, D.J.

This case arises from the plaintiff's efforts to halt a foreclosure on her home and obtain damages for the defendants' allegedly wrongful acts. The defendants have moved to dismiss the amended complaint (dkt. no. 16). The amended complaint contains three counts alleging violations of Massachusetts General Laws ch. 183, § 21, Massachusetts General Laws ch. 93A, and Massachusetts General Laws ch. 184, § 25.

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), a plaintiff must present facts that make her claim plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Specifically, the complaint must contain "[m]ore than labels and conclusions," and more than "a formulaic recitation of the elements of a cause of action." Id. at 555. When evaluating a motion to dismiss, this Court "must take all the factual allegations in the complaint as true." Maldonado v. Fontanes, 568 F.3d 263,

266 (1st. Cir 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Each count will be assessed individually.

In Count I the plaintiff asks the Court to halt the foreclosure sale because the defendants did not strictly comply with Massachusetts law. Under Massachusetts law a mortgagee may exercise the statutory power of sale "upon any default in the performance or observance of the [statutory] condition,[1] . . . first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale." Mass. Gen. Laws ch. 183, § 21. The plaintiff contends that the defendants have not complied with Massachusetts General Laws ch. 244, § 35A, which creates the right to cure a default and specifies the information that must be contained in the notice sent to plaintiff. The plaintiff's specific allegation is the defendants violated section 35A by not including the names of any former mortgage broker or the mortgage loan originator and not filing a copy of the letter with commissioner of the division of banks.

The letter sent to the plaintiff by the defendant informing the plaintiff of her right to cure has been submitted to the court. The letter identifies the mortgage originator, "Option One Mortgage Corporation," but not the mortgage broker. It is unclear from the language of the statute whether both the mortgage originator and broker must be named or if naming either is sufficient. Regardless, the letter substantially complied with the requirements of § 35A by providing the borrower with the information regarding the entity with the "ultimate authority on the Mortgage and Note." Courtney v. U.S. Bank, N.A., 2013 WL 452941 at *2 (D. Mass Feb. 6, 2013); quoting Conti v. Wells Fargo Bank, N.A., 2012 WL 2094375 at *3 (Mass. Land Ct. June 11, 2012). The notice was sufficient, and the claim set forth in Count I lacks merit.

---

[1] The "statutory condition" is set forth in Mass. Gen. Laws ch. 183, § 20.

As for Count II, alleging a violation of Chapter 93A, the plaintiff failed to send a thirty-day demand letter prior to bringing her claim. The plaintiff rightly notes that such a letter is not a prerequisite to suit where the defendant keeps no assets within the Commonwealth. Mass. Gen. Laws ch. 93A, § 9(3). Here, however, the defendant's ownership of a mortgage in Massachusetts amounts to "keep[ing] an asset," and the plaintiff was thus obligated to send the thirty-day demand letter. See Sumner v. Mortg. Elec. Registration Sys., Inc., No. 11-11910, 2012 WL 3059429, at *7 (D. Mass. July 26, 2012). The plaintiff's failure to comply with the procedural requirements of Chapter 93A entitles the defendant to a dismissal of Count II. See id.

As for Count III, the plaintiff contends that the assignment of the mortgage from the original mortgagee to the defendants is void because the assignment did not comport with Massachusetts law. The defendants have argued that the plaintiff does not have standing to challenge the assignment. That position has now been rejected by the First Circuit, which has held that plaintiffs have "standing to challenge a mortgage assignment as invalid, ineffective, or void" as opposed to "voidable." Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282 (2013). The plaintiff has standing to challenge the foreclosing entity's status qua mortgagee.

Her claim nevertheless fails. She claims that the assignment is invalid because the defendant failed to comply with Massachusetts General Laws ch. 185, § 25, by not setting forth the terms of the assignee trust in the assignment. Even if the plaintiff's contention were correct, she fails to state a claim because such a shortcoming would not void the assignment. Section 25 protects people who are not immediate parities to a transaction by not making them bound to indefinite references in recorded instruments. See 28 Mass. Prac., Real Estate Law § 2.16 (4th ed.). Section 25 does not make an assignment void, only perhaps unenforceable under some circumstances, different from those in the present case.

For the reasons stated herein, The Defendant's Motion to Dismiss (dkt. no. 16) is GRANTED. The complaint is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge