UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10786-GAO

IRIS J. PAYNE,
Plaintiff,

v.

U.S. BANK NATIONAL ASSOCATION, as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2005-OPT1, Asset Backed Pass-Through Certificates Series 2005-OPT1, and AMERICAN HOME MORTGAGE SERVICING, INC.,
Defendants.

ORDER
October 24, 2013

O'TOOLE, D.J.

This case arose from the plaintiff's efforts to halt a foreclosure on her home and obtain damages for the defendants' allegedly wrongful acts. One of the plaintiff's claims was that the defendants should be prevented from foreclosing because the right to cure letter sent to her by the defendants did not comply with a particular provision of Massachusetts law requiring notice to a mortgagor of her right to cure a default. Mass. Gen. Laws ch. 244, § 35A (hereafter "section 35A"). On the defendants' motion, the complaint was dismissed. Payne v. U.S. Bank Nat'l Ass'n, 2013 WL 1282235, at *1 (D. Mass. Mar. 28, 2013). I concluded that it was sufficient if the defendants had substantially complied with the statutory command so that the essential information necessary to be given to a person, such as the plaintiff, was in fact given, even if there had been some minor defect in the form of the notice. The plaintiff now asks the Court to reconsider that decision.

In her motion for reconsideration the plaintiff points to multiple decisions where courts have found inadequate compliance with section 35A. (See Pl.'s Mem. in Supp. of Mot. for

Recons. *passim* (dkt. no. 26).) In the first place, many of those cases involved more substantial defects in the section 35A notice than the minor one Payne complains of here, such as failure to properly identify the mortgagee, Silva v. Deutsch Bank Nat'l Trust Co., 2012 WL 6016813, at *3 (Mass. Super. Nov. 14, 2012) or failure to send a notice at all, Farmer v. Fed. Nat'l Mortg. Ass'n, 31 Mass. L. Rptr. 204 (Mass. Super. 2013).

Additionally, to the extent that any of those cases could be understood to rely on the proposition that say that strict compliance with section 35A is always required and substantial compliance is always insufficient, as the plaintiff appears to claim, I disagree, and given the first-instance nature of the cases, I do not feel obliged to follow them as controlling authority. See Eastern Mountain Platform Tennis, Inc. v. Sherwin-Williams Co., 40 F.3d 492, 499 (1st Cir. 1994) (Decisions of state's lower courts are informative but not controlling).

The cases that require "strict compliance" with the notice provision of section 35A universally point to U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40 (Mass. 2011), as the source of that principle. Neither the language of Ibanez, nor the statutory scheme that governs foreclosures, supports that position. In Ibanez the Supreme Judicial Court upheld the invalidation of certain foreclosures on the ground that the banks had failed to comply strictly with the statutory power of sale authorized by Mass. Gen. Laws ch. 183, § 21, and the related notice requirement of Mass. Gen. Laws ch. 244, § 14. Id. at 50. The SJC stated why strict compliance with such statutes is necessary:

> Recognizing the substantial power that the statutory scheme affords to a mortgage holder to foreclose without immediate judicial oversight, we adhere to the familiar rule that one who sells under a power of sale must follow strictly its terms. If he fails to do so there is no valid execution of the power, and the sale is wholly void.

Id. at 49-50.

Notice under section 35A was not an issue in Ibanez, and the SJC did not address it. The plaintiff appears to argue that the meaning of the holding in Ibanez is that there must be strict compliance with *every* statutory provision that in some way regulates relations between mortgagee and mortgagor, including those not mentioned in Ibanez. I do not think that is a proper, or even plausible, reading of the case. The SJC certainly did not say that it meant its strict compliance rule to apply beyond the scope of the statutory power of sale, as it well could have if that was its intention. Rather to the contrary, the court emphasized that it was that "substantial power . . . to foreclose without immediate judicial oversight" that justified requiring meticulous compliance with the statutory procedure. Id.

Section 35A is not among the sections that, taken together, constitute the "statutory power of sale." See Ibnez, 941 N.E.2d at 49 (referring to "the power of sale set out in G.L. c. 183, § 21, and further regulated by G.L. c. 244, §§ 11-17C"). It is part of a series of provisions dealing with the rights and obligations of mortgagors and mortgagees, and creates for the benefit of a residential mortgagor a right to cure a default. It requires a mortgagee to give notice to the mortgagor of an intention to accelerate the mortgage and to wait a prescribed period before doing so, giving the mortgagor not just the right, but the opportunity, to cure. Unlike the statutory power of sale, the right to cure provision does not permit a transfer of property rights without judicial oversight, but instead essentially freezes the parties' positions for a period. The evident purpose of the notice provision is to assure that the mortgagor knows that she has the right and opportunity to cure provided by the statute.

The notice the plaintiff received in this case accomplished that purpose, and the minor defect in the notice that she complains of did not undercut it. The notice included all the information required by the statute except for the name of the original mortgage broker. The

notice informed the plaintiff of her right to cure and all the information necessary to exercise that right. In fact, the plaintiff did not allege that the failure to list the original mortgage broker confused her in any way or had any effect on her ability to cure the default.

There could be some cases where defects in the notice will be significant enough that there will not have been substantial compliance with the statutory requirements. This is not one of them. Identifying the mortgage originator but failing to list the mortgage broker was a trivial misstep that had no prejudicial effect on the plaintiff and worked no frustration of the statutory purpose. This case is a good distance away from one where substantial rights are affected by non-compliance, as in Ibanez.

For the reasons stated herein, the plaintiff's Motion (dkt. no. 26) for Reconsideration is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge